UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |   |
|---|---|---|
| KENNETH JONES, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | Civil Action No. 12-1546 (RJL) |
| UNITED STATES OF AMERICA, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

### MEMORANDUM OPINION
(June 5, 2013) (Dkts. ##8, 22, 23)

On September 17, 2012, *pro se* plaintiff Kenneth W. Jones ("Jones" or "plaintiff") filed the instant action against the United States of America and several non-federal entities and persons, seeking $75 million in damages due to "fright, shock, and mental anguish." *See* Compl. at 2 [Dkt. #1]. On September 26, 2012, plaintiff joined the Honorable Danny Boggs and Solomon Oliver, federal judges in the Sixth Judicial Circuit, to the action. Pl.'s Mot. to Amend [Dkt. #2]. On December 4, 2012, plaintiff filed an Amended Complaint listing all current defendants in the caption.[1] *See* Am. Compl. [Dkt. #18]. Defendant United States of America has filed a Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12b(6). [Dkt. #8]. Defendant Lynn Mudra

---

[1] The Amended Complaint lists as defendants: (1) the United States of America; (2) Bryant & Stratton College; (3) Mr. Clifford Wallace; (4) Sgt. Timothy Patton; (5) Mr. Lynn Mudra; (6) John Doe; (7) Mr. Solomon Oliver; and (8) Mr. Danny Boggs. Am. Compl.

has filed a Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3). [Dkt. #22]. The Federal Judges have filed a Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1), (2), (3), and (6). [Dkt. #23]. Upon consideration of the parties' pleadings, relevant law, and the entire record herein, defendants' motions to dismiss are all GRANTED.

## STANDARD OF REVIEW

Federal courts are courts of limited jurisdiction and the law presumes that "a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citation omitted). Because "subject-matter jurisdiction is an 'Art. III as well as a statutory requirement[,] . . . no action of the parties can confer subject-matter jurisdiction upon a federal court.'" *Akinseye v. District of Columbia*, 339 F.3d 970, 971 (D.C. Cir. 2003) (quoting *Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982)). On a motion to dismiss for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1), the plaintiff bears the burden of establishing that the court has subject-matter jurisdiction. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999); *Rasul v. Bush*, 215 F. Supp. 2d 55, 61 (D.D.C. 2002) (Kotelly, J.) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182–83 (1936)), *rev'd on other grounds sub nom.*, *Al Odah v. United States*, 103 F. App'x 676 (D.C. Cir. 2004). To determine whether it has jurisdiction over the claim, a court may consider materials outside the pleadings. *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992).

2

## BACKGROUND

The events giving rise to plaintiff's claims occurred in the Northern District of Ohio, where plaintiff resides and has been a frequent filer of suits. Plaintiff alleges that defendants Lynn Mudra and Timothy Patton, homicide investigators, violated his civil rights in the course of a law enforcement investigation that occurred there. Specifically, plaintiff claims that Mudra and Patton divulged sensitive information about plaintiff in the course of investigating the death of plaintiff's wife, Carline T. Jones. *See* Am. Compl. at 6–8. This information allegedly affected Plaintiff's "federal financial assistance." *Id.* Plaintiff also alleges that the Dean of Bryant & Stratton College, Clifford Wallace, wrongfully prevented him from receiving his college transcript until he paid his tuition bill. *See id.* at 9–13. Plaintiff further alleges that Cleveland, Ohio law enforcement deprived him due process of law by failing to prosecute his neighbor Beverly Cooper for wrongfully obtaining one of plaintiff's prescriptions from Walgreens. *See id.* at 15–16. Additionally, plaintiff complains about decisions made by the Federal Judges in prior cases involving plaintiff. *See id.* at 8, 11.

Plaintiff has filed numerous suits in the Northern District of Ohio making similar allegations. On October 15, 2003, the United States District Court for the Northern District of Ohio *permanently enjoined* Mr. Jones from filing new suits before obtaining leave of court. *See* Mudra Mot. to Dismiss Ex. A (*Jones v. United States*, No. 1:03-CV-1597 (N.D. Ohio, Oct. 15, 2003)) at 8. On January 24, 2011, plaintiff filed a case in this court against the United States and Bryant & Stratton College, among others. *See* Mudra

Mot. to Dismiss Ex. B (*Jones v. United States*, No. 1:11-CV-2636 (N.D. Ohio, Aug. 21, 2012)) at 1–2. That action was transferred to the United States District Court for the Northern District of Ohio, where it was dismissed for failure to comply with the requirements set forth in the court's order of October 15, 2003. *See id.* at 2–3. Plaintiff subsequently filed a Motion for Change of Venue and a Motion for New Trial, which were also denied. *See id.* at 3–5.

## ANALYSIS

This Court dismisses plaintiff's claims as to the United States of America and the Federal Judges pursuant to Federal Rule of Civil Procedure 12(b)(1). Because the Federal Government, its agencies, and its employees acting in their official capacity have sovereign immunity absent a waiver, plaintiff's claims against these defendants must be dismissed for lack of subject-matter jurisdiction. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994); *Clark v. Library of Congress*, 750 F.2d 89, 102–04 (D.C. Cir. 1984).

Where a plaintiff seeks monetary damages against a federal agency for torts committed by federal employees, the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b), is the only possible basis for jurisdiction. *See Epps v. U.S. Atty. Gen.*, 575 F. Supp. 2d 232, 238 (D.D.C. 2008). The FTCA is a limited waiver of the United States' sovereign immunity and renders the Federal Government liable for certain torts of its employees committed within the scope of their employment. *GAF Corp. v. United States*, 818 F.2d 901, 903 (D.C. Cir. 1987). Before initiating an FTCA suit, a claimant must "file [with the agency] (1) a written statement sufficiently describing the injury to

enable the agency to begin its own investigation, and (2) a sum-certain damages claim." *Id.* at 919. Here, plaintiff has failed to satisfy this administrative-filing requirement, which is a jurisdictional prerequisite to bringing an FTCA claim. *See id.* at 904–05; *Bowden v. United States*, 106 F.3d 433, 441 (D.C. Cir. 1997).

Plaintiff also complains about decisions the Federal Judges issued in cases he brought in their courts. *See* Am. Compl. at 8, 11. Federal judges, however, have "absolute judicial immunity from suits for money damages for all actions taken in [their] judicial capacity, unless these actions are taken in the complete absence of all jurisdiction." *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993). The actions about which plaintiff complains were well within the Federal Judges' judicial capacity and jurisdiction. Accordingly, the Federal Judges named in the suits as defendants are entitled to absolute judicial immunity for all claims made against them in the Amended Complaint.

Next, this Court must dismiss plaintiff's claims as to the non-federal defendants[2] under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. Plaintiff has not met his burden of establishing that specific jurisdiction comports with the District's long-arm statute and the requirements of constitutional due process. *See FC Inv. Grp. LC v. IFX Mkts., Ltd.*, 529 F.3d 1087, 1094–96 (D.C. Cir. 2008); *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (holding that the requirements of due process are satisfied where defendant has "certain minimum contacts with [the forum] such that

---

[2] The non-federal defendants include Bryant & Stratton College, Mr. Clifford Wallace, Sgt. Timothy Patton, Mr. Lynn Mudra, and John Doe. *See* Am. Compl.

5

the maintenance of the suit does not offend traditional notions of fair play and substantial justice") (quotations and citations omitted). Under the District's long-arm statute, local courts may exercise specific jurisdiction over a person for claims that arise from the person's "transacting any business . . . contracting to supply services . . . [or] causing tortious injury" in the District. D.C. Code § 13–423(a). Because plaintiff's claims do not arise out of any of these situations, however, this font of jurisdiction is unavailable. Plaintiff has also failed to demonstrate that any of the non-federal defendants reside less than one hundred miles from the courthouse of this Court or that any of the non-federal defendants are not subject to personal jurisdiction in at least one other state's courts of general jurisdiction. *See* FED. R. CIV. P. 4(k). Because neither the original complaint, nor the amended complaint, alleges any contacts between the District and non-federal defendants, it would offend constitutional due process for this Court to exercise personal jurisdiction. Accordingly, all claims against the non-federal defendants are dismissed pursuant to Federal Rule of Civil Procedure 12(b)(2).

## CONCLUSION

For all of the foregoing reasons, the Court GRANTS defendant United States of America's Motion to Dismiss [Dkt. #8]; GRANTS defendant Lynn Mudra's Motion to Dismiss [Dkt. #22]; and GRANTS defendants' Danny Boggs' and Solomon Oliver's Motion to Dismiss [Dkt. #23].  An Order consistent with this decision accompanies this Memorandum Opinion.

_____
RICHARD J. LEON
United States District Judge